UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID A. TRUNDELL                                Case No.
*Plaintiff,*

vs.                                              CIVIL COMPLAINT

AMERICAN AIRLINES, INC., and
PSA AIRLINES, INC.,
*Defendants*

## CIVIL COMPLAINT AND DEMAND FOR JURY

COMES NOW the Plaintiff, David A. Trundell, by and through undersigned counsel, and for his Complaint against Defendants, American Airlines, Inc. and PSA Airlines, Inc., states as follows:

## PARTIES

1. Plaintiff, David A. Trundell, is an adult individual and citizen and resident of the United Kingdom.

2. Defendant, American Airlines, Inc., is an air carrier engaged in international air carriage and a corporation organized and existing under the laws of the State of Delaware with its headquarters located at 1 Skyview Drive, Fort Worth, Texas 76155 and is registered to conduct business in the Commonwealth of Pennsylvania and/or may be served within the Commonwealth of Pennsylvania at Corporation Service Company, 5235 North Front Street Harrisburg, PA 17110.

3. Defendant, PSA Airlines, Inc., is an air carrier engaged in international air carriage and a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its headquarters located at 2709 Water Ridge Parkway, Charlotte, North Carolina 28217 and is registered to conduct business in the Commonwealth of Pennsylvania and/or may be served

within the Commonwealth of Pennsylvania at Corporation Service Company, 5235 North Front Street Harrisburg, PA 17110.

4.      Defendants American Airlines, Inc. and PSA Airlines, Inc. operate international flights between the United Kingdom and the United States pursuant to contractual arrangements and/or code sharing agreements between the two entities which authorizes smaller carriers such as PSA Airlines, Inc. to operate as American Airlines flights thereby gaining the benefit of the larger carrier's customer base, name recognition, and good will whereby both entities mutually and financially benefit  from the joint venture, agency, and/or partnership arrangement.

5.      The event giving rise to the Plaintiff's cause of action occurred in connection with the aforesaid joint venture, agency, and/or partnership arrangement between Defendants.

### JURISDICTION & VENUE

6.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is complete diversity between all parties as Plaintiff is a citizen of the United Kingdom, the Defendants are incorporated in the states of Delaware and/or Pennsylvania and have their headquarters in the states of Texas and/or North Carolina, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).

7.      Alternatively and in addition to, subject matter jurisdiction over this action is vested in the federal courts of the United States of America under 28 U.S.C. §1331 and raises Federal Issues, in that this action arises from a treaty agreement, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 28, 1999, hereinafter referred to as the "Montreal Convention."

8.      Jurisdiction in the Commonwealth of Pennsylvania is appropriate pursuant to Article 33 of the Montreal Convention because Defendants PSA Airlines, Inc. and/or American

Airlines have a place of business within this federal district through which the contract of carriage has been made and is the place of destination of the contract and that the accident giving rise to this cause of action occurred in Pennsylvania.

9.      Personal jurisdiction may be exercised over Defendant PSA Airlines, Inc. as it is a Pennsylvania corporation. Likewise, Defendant American Airlines is subject to personal jurisdiction in the Commonwealth of Pennsylvania because (a) it committed a tort within the Commonwealth which caused harm within the Commonwealth; (b) it maintains sufficient minimum contacts with the Commonwealth of Pennsylvania by systematically, regularly, and continuously conducting business within the Commonwealth of Pennsylvania by availing itself of business opportunities within the Commonwealth of Pennsylvania, (c) it conducts regularly scheduled flights and associated services from to the Commonwealth of Pennsylvania; (d) Plaintiff's cause of action arises from or is related to these contacts; and (e) exercising personal jurisdiction over the Defendant is consistent with due process considerations and is fair.   In addition, as set forth above, Defendants American Airlines and PSA Airlines, Inc. are engaged in a joint venture, agency relationship and/or partnership such that the jurisdictional contacts of PSA Airlines, Inc. may be imputed to American Airlines.

10.      Venue is appropriate in the Eastern District of Pennsylvania because Defendants, and each of them, conduct substantial regular business in this District, including (a) operating regular commercial flights to and from its gates located in Philadelphia County at the Philadelphia International Airport; (b) regularly and systematically conducting business, soliciting business, and earning substantial revenue from business conducted within this district; and (c) events giving rise to the cause of action occurred in Philadelphia County.

## FACTUAL ALLEGATIONS

3

10. Plaintiff David A. Trundell incorporates by reference the preceding paragraphs as though they were set forth fully in this section.

11. On May 21. 2024, Defendant, American Airlines, Inc., was a commercial air carrier certified by the United States Federal Aviation Administration in accordance with 14 CFR Part 121 and was engaged in the business of carrying passengers for hire in interstate and international commerce.

12. On May 21, 2024, Defendant, PSA Airlines, Inc., was a commercial air carrier certified by the United States Federal Aviation Administration in accordance with 14 CFR Part 121 and was engaged in the business of carrying passengers for hire in interstate and international commerce.

13. Prior to May 21, 2024, Plaintiff, David A. Trundell, purchased tickets for round-trip international air travel on each of the following flights:

| ROUND TRIP TICKETING | | | | | | | |
|---|---|---|---|---|---|---|---|
| Carrier | Flight | Origin | Departure Date | Dep. Time | Destination | Arrival Date | Arr. Time |
| British Airways | BA1305 | ABZ (Aberdeen) | 9-May-2024 | 9:30 | LHR (London) | 9-May-2024 | 11:10 |
| American Airlines | AA737 (BA1538) | LHR (London) | 9-May-2024 | 13:00 | PHL (Philadelphia) | 9-May-2024 | 15:45 |
| American Airlines | AA5249 (BA1984) | PHL (Philadelphia) | 9-May-2024 | 19:50 | BHM (Birmingham) | 9-May-2024 | 21:08 |
| American Airlines | AA5216 (BA6504) | BHM (Birmingham) | 21-May-2024 | 15:47 | PHL (Philadelphia) | 21-May-2024 | 19:05 |
| American Airlines | AA728 (BA1587) | PHL (Philadelphia) | 21-May-2024 | 22:45 | LHR (London) | 22-May-2024 | 10:50 |
| British Airways | BA1312 | LHR (London) | 22-May-2024 | 15:05 | ABZ (Aberdeen) | 22-May-2024 | 16:40 |

12. On May 21, 2024, Plaintiff was a fare paying-passenger aboard the aircraft operated by the Defendant, American Airlines, Inc., and/or Defendant, PSA Airlines, Inc., as American Eagle Flight 5216 as depicted above in highlight.

4

13.     On May 21, 2024, the aircraft used to operate American Eagle Flight 5216, was a Bombardier Model CL-600-2D24 airplane, manufacturer serial number 15373, with FAA registration N629NN, owned by Defendant, American Airlines, Inc. bearing its trademark colors and name recognition.

14.     Defendants American Airlines, Inc., and/or Defendant, PSA Airlines, Inc. employed the pilots, co-pilots, flight attendants, employees, flight crew members, and/or agents who were responsible for the safe operation of the flight and were responsible for the training, management, supervision, and/or control of these employees to ensure that they provided all passengers, including Plaintiff, with the highest level of care and safety.

15.     On May 21, 2024, at approximately 6:40 p.m., when attempting to land, the aircraft operated as American Eagle Flight 5216 impacted Runway 17/35 at the Philadelphia International Airport at an excessively high rate of speed and/or descent and/or improper landing technique such that it imparted extreme forces of momentum arrest and impact to the occupants including Plaintiff David A. Trundell.

16.     Defendants American Airlines, Inc., and/or Defendant, PSA Airlines, Inc. did not provide any warning of the impending impact at an excessively high rate of speed and/or descent and/or improper landing technique nor otherwise instruct the passengers, including Plaintiff, to take emergency measures to protect themselves.

17.     As a result of the excessively hard and forceful impact onto the runway of American Eagle Flight 5216 on May 21, 2024, Plaintiff, David A. Trundell, suffered bodily injury while a passenger on board the aircraft, which included a spinal injury that caused him to suffer temporary inability to use his legs and required him to be removed from the aircraft on a stretcher.

18.    Subsequent to the May 21, 2024 accident involving American Eagle Flight 5216, David Trundell underwent continuous medical treatment with physicians and medical professionals and as a direct and proximate cause of this accident suffered:

a.    Injuries to his back, spine, and torso, including herniated discs at the L4/L5 and L5/S1 levels of his spine;

b.    Past and future pain and suffering;

c.    Past and future mental anguish resulting from his injuries;

d.    Past and future loss of enjoyment of life;

e.    Past and future medical expenses;

f.    Past and future lost earnings and earning capacity.

g.    Other damages the full extent of which are not presently known.

19.    As a result of his injuries, Plaintiff, David A. Trundell, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has suffered and will in the future suffer a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature and that the extent of said damages is in excess of the Special Drawing Rights established by the Montreal Convention.

20.    On May 21, 2024, there was in force and effect in the United States and the United Kingdom, a certain multilateral treaty relating to the rules governing international carriage by air known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 28, 1999, hereinafter referred to as the "Montreal Convention" And both the United States and the United Kingdom were signatories.

6

21.    At the time of his injury, Plaintiff, David A. Trundell, was engaged in international carriage as defined in Article 1(2) of the Montreal Convention, and the same is therefore applicable to this action pursuant to Article 1(1) of said Montreal Convention.

22.    The impact with the ground of American Eagle Flight 5216 on May 21, 2024 at excessively high rate of speed and/or excessively high rate of descent and/or improper landing technique which imparted extreme forces of momentum arrest and impact to Plaintiff David A. Trundell constitutes an "accident" within the scope and meaning of The Montreal Convention including Article 17(1) of said treaty as the event(s) were unusual, unexpected, and external to Plaintiff David A. Trundell which caused him to suffer serious harm not otherwise contemplated nor expected in air travel.

**COUNT I**
**BODILY INURY UNDER THE MONTREAL CONVENTION**

**Plaintiff v. Defendants Americal Airlines and PSA Airlines, Inc.**

23.    Plaintiff David A. Trundell incorporates by reference the preceding paragraphs as though they were set forth fully in this section.

24.    By operation of Article 21(1) of the Montreal Convention, Defendants are strictly liable to the limit of 151,880 in Special Drawing Rights (approximately $210,609 USD) with respect to passenger injury sustained as a result of an accident within the meaning of Article 17(1) of the Montreal Convention.

25.    The damages suffered by Plaintiff David Trundell exceed 151,880 SDR and were caused by an accident as defined/required by the Montreal Convention that resulted in bodily injury and resulting harm during the course of international transportation aboard American Eagle Flight 5216 on May 21, 2024.

26. Defendants are therefore strictly liable to Plaintiff David A. Trundell to tender an amount of 151,880 SDR and/or whatever the current or correct SDR amount is at the time of trial/tender.

27. Plaintiff David A. Trundell has further sustained damages that exceed the amount of the Special Drawing Rights.

28. The Montreal Convention at Article 21(2) deems Defendants strictly liable for damages in excess of the Special Drawing Rights unless the Defendants can prove that the Plaintiff's damages were not due to the negligence or other wrongful conduct, act, or omission of the Defendants; or that the Plaintiffs' damages were caused solely due to the Plaintiffs' negligence.

29. Defendants' conduct is the exclusive cause of Plaintiff's damages and they cannot meet their burden under Article 21(2) for the following reasons:

a. Defendants negligently, carelessly, and/or recklessly operated the accident aircraft at an excessive rate of speed resulting in the accident and Plaintiff's damages;

b. Defendants negligently, carelessly, and/or recklessly operated the accident aircraft at an excessive rate of descent resulting in the accident and Plaintiff's damages;

c. Defendants negligently, carelessly, and/or recklessly performed maneuvers during the landing resulting the accident and Plaintiff's damages.

d. Defendants negligently, carelessly, and/or recklessly failed to warn Plaintiff of the impending accident and otherwise failed to secure the safety of the cabin and passengers;

e. Defendants negligently, carelessly, and/or recklessly trained, instructed, and/or controlled their servants aboard the flight giving rise to the accident in a manner that would have prevented the accident and Plaintiff's harm.

8

30. Plaintiff David A. Trundell's injuries and his resulting damages sustained as a direct result of the accident are not in any way his fault.

31. No third party not named as a defendant in this action is responsible for the accident and/or the injuries and resulting harm suffered by Plaintiff David A. Trundell.

32. As a direct and proximate result of the accident, Plaintiff David A. Trundell sustained past and future pain and suffering, personal injuries, past and future medical expenses, and past and future lost earnings and damages valued in excess of the Special Drawing Rights and Defendants are liable to compensate him for all damages.

WHEREFORE, Plaintiff David A. Trundell demands judgment against American Airlines and/or PSA Airlines, Inc. for damages in excess of the Special Drawing Rights, as well as interest, delay damages, costs and attorney's fees as permitted by law and such other relief as the Court deems just and proper.

## ALTERNATIVE CAUSE OF ACTION IN THE EVENT THE MONTREAL CONVENTION IS DEEMED INAPPLICABLE

### COUNT II
### NEGLIGENCE

**Plaintiff v. Defendants Americal Airlines and PSA Airlines, Inc.**

33. Plaintiff David A. Trundell incorporates by reference the preceding paragraphs as though they were set forth fully in this section.

34. In the event it is determined in this action that The Montreal Convention does not apply to the event giving rise to this cause of action, it is averred that Defendants American Airlines and/or PSA Airlines, Inc. acts and/or omissions that caused the accident giving rise to Plaintiff's injuries and damages constitutes actionable negligence.

35.    Defendants are air carriers and owed Plaintiff David A. Trundell a duty of care to safely operate the aircraft in which he was a fare paying passenger.

36.    Defendants breached that duty by operating the aircraft in a negligent, careless and reckless manner as follows:

a.    Defendants negligently, carelessly, and/or recklessly operated the accident aircraft at an excessive rate of speed resulting in the accident and Plaintiff's damages;

b.    Defendants negligently, carelessly, and/or recklessly operated the accident aircraft at an excessive rate of descent resulting in the accident and Plaintiff's damages;

c.    Defendants negligently, carelessly, and/or recklessly performed maneuvers during the landing resulting the accident and Plaintiff's damages.

d.    Defendants negligently, carelessly, and/or recklessly failed to warn Plaintiff of the impending accident and otherwise failed to secure the safety of the cabin and passengers;

e.    Defendants negligently, carelessly, and/or recklessly trained, instructed, and/or controlled their servants aboard the flight giving rise to the accident in a manner that would have prevented the accident and Plaintiff's harm.

37.    Plaintiff David A. Trundell's injuries and his resulting damages sustained as a direct result of Defendant's American Airlines and/or PSA Airlines, Inc.'s negligence

38.    As a direct and proximate result of the accident, Plaintiff David A. Trundell sustained past and future pain and suffering, personal injuries, past and future medical expenses, and past and future lost earnings.

WHEREFORE, Plaintiff David A. Trundell demands judgment against American Airlines and/or PSA Airlines, Inc. for damages in excess of $75,000, as well as interest, delay damages,

10

punitive damages, costs and attorney's fees as permitted by law and such other relief as the Court

deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 12th day of May, 2026.

ATTORNEY FOR PLAINTFF

/s/ *Bradley J. Stoll*
Bradley J. Stoll, Esq.
Attorney ID: 89635
KATZMAN, LAMPERT & STOLL
121 North Wayne Avenue, #205
Wayne, PA 19087
Phone: (610) 686-9686
Fax:    (610) 686-9687
bstoll@klm-law.com


Thomas J. Ellis, III
(*Pro Hac Vice To Be Filed*)
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, IL 60602
Phone: (312) 630-4000
Fax:    (312) 630-4011
tje@nolan-law.com